UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK BRUMFIELD (#395469)

VERSUS                                       CIVIL ACTION

LISA MOODY, ET AL                            NUMBER 07-161-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 18, 2007.

                                                 STEPHEN C. RIEDLINGER
                                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK BRUMFIELD (#395469)

VERSUS                                    CIVIL ACTION

LISA MOODY, ET AL                         NUMBER 07-161-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 20. No opposition has been filed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden Burl Cain, Assistant Warden Donald Barr, Assistant Warden Lesily Dupunt,[1] Deputy Assistant Warden Linda Ramsay, Sgt. Lisa Moody, Master Sgt. Alvin Lavalais, Baton Rouge police officer Sgt. Boudeaves and Baton Rouge Chief of Police Jeff LeDuff.[2] Plaintiff alleged that on January 31, 2006, he was attacked by an East Baton Rouge Parish

---

[1] He is also referred to as Dupont in the complaint.

[2] Plaintiff's claims against Warden Burl Cain, Assistant Warden Donald Barr, Assistant Warden Lesily Dupunt and Deputy Assistant Warden Linda Ramsay were previously dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Record document number 30. Plaintiff's claims against Chief LeDuff were dismissed for failure to state a claim upon which relief can be granted. Record document number 31.

Prison (hereinafter EBRPP) pretrial detainee while the two prisoners were confined in a holding cell at Earl K. Long Hospital.

Defendants Moody and Lavalais moved to dismiss the complaint on the grounds of insufficient service of process and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(5) and (6), Fed.R. Civ. P.

**A.   Failure to State a Claim**

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In order to overcome a motion to dismiss filed under Rule 12(b)(6) a plaintiff's complaint should "contain either direct

allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). Plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The primary issue at this stage of the proceedings is not whether the plaintiff will ultimately prevail, but, whether the substantive nature of the allegations raised in the complaint are such that the plaintiff "is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### 1. Eleventh Amendment Immunity

Plaintiff brought this action against the defendants in both their individual and official capacities. Defendants moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*,

3

473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device."  Officers sued in their personal capacity come to court as individuals.  However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which

4

caused the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff sought prospective injunctive relief against the defendants in their official capacities, his official capacity claim is also actionable under § 1983.

### 2. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendants could have reasonably thought their actions were consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038

(1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendants' conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendants' conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendants' conduct actually violates a plaintiff's constitutional right, the defendants are entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff alleged that on January 31, 2006, he was placed in

a holding cell with other inmates awaiting treatment at Earl K. Long Hospital. Plaintiff alleged that Boudeaves and an unidentified robbery detective placed a pretrial detainee in the holding cell. Plaintiff alleged that Moody and Lavalais knew it was against policy to place a pretrial detainee in the same holding cell with a convicted felon. Plaintiff alleged that the pretrial detainee paced back and forth in the cell, exhibited erratic behavior and threatened to kill anyone who came close to him. Plaintiff alleged that Moody, Lavalais and officer Boudeaves were amused by the pretrial detainee's behavior, did not take the pretrial detainee's threat seriously, and took no action to protect the plaintiff. Plaintiff alleged that the pretrial detainee attacked him.

At the time of the alleged incident, a reasonable corrections officer would have known that the deliberate failure to protect an inmate from attack by another inmate was not objectively reasonable. *Neals v.* Norwood, 59 F.3d 530 (5th Cir. 1995) (to establish a failure-to-protect claim, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection).

Nonetheless, the plaintiff's allegations that Moody and Lavalais failed to protect him from attack by the pretrial detainee are insufficient to state a claim upon which relief can be granted.

Plaintiff's allegations that Moody and Lavalais laughed at and joked about the pretrial detainee's erratic behavior and did not take it seriously negate any possibility of finding that they actually drew an inference that the plaintiff faced a substantial risk of serious harm.  Absent allegations which support finding the required inference, the plaintiff's allegations do not satisfy the *Farmer* standard for an Eighth Amendment failure to protect claim.

### B. Insufficient Service of Process

Defendants also moved to dismiss the complaint for insufficient service of process under Rule 12(b)(5).  Considering the foregoing conclusion regarding their qualified immunity defense, it is unnecessary to resolve this aspect of the defendant's motion.[3]

---

[3] The court observes that because the defendants are individuals within a judicial district of the United States, service upon them is governed by Rule 4(e), Fed.R.Civ.P. Pursuant to that rule, service of process may be effected by: (1) serving the defendant pursuant to the laws of the state in which he is located, in this case Louisiana; (2) personal service upon the defendant; (3) leaving copies of the service documents at the defendant's residence with a person of suitable age and discretion; or (4) delivering the service documents to an agent of the defendant authorized to accept service by appointment or law.  *Id*.

Rule 4(c) provides that service of process shall be effected by serving a summons "together with a copy of the complaint ... within the time allowed under [Rule 4(m)] ... by any person who is not a party and who is at least 18 years of age."

A review of the return of service form showed that the plaintiff identified himself as the person who served the defendants by delivering the summons and complaint "to all defendant[s] through the mail." Mailing the summons and complaint through the United States Postal Service is not an authorized method of service under Rule 4 in this case.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted.

Baton Rouge, Louisiana, October 18, 2007.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE